IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRDAVS DJURAKULOV TOLIPOVICH, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | No. 3:26-CV-0762-X-BK |
| PAMELA BONDI, U.S. Attorney General, et al., | § § § | |
| *Respondents*. | § § | |

## MEMORANDUM OPINION AND ORDER

The Fifth Circuit recently held that aliens categorized as "applicants for admission" under 8 U.S.C § 1225 are subject to the Immigration and Nationality Act's mandatory detention provision.[1]  Yet, a litany of these alien detention habeas petitions continue to flood the courts.  Before the Court is Petitioner Firdavs Djurakulov Tolipovich's (Djurakulov) petition for writ of habeas corpus.  (Doc. 1). While the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.[2]  After carefully reviewing the petition and the applicable law, the Court **DENIES WITH PREJUDICE** the petition.

## I. Background

Djurakulov is a citizen and native of Uzbekistan.  He entered the United States near Tecate, California without being admitted or paroled in or around 2023.

---

[1] *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

[2] *See e.g.*, *Singh v. Noem*, No. 1:26-CV-036-H, 2026 WL 306395, at *1 (N.D. Tex. Feb. 3, 2026) (Hendrix, J.); *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

That same year, the government initiated removal proceedings against Djurakulov by issuing him a notice to appear.   The notice charged him with removability as an immigrant "present in the United States without being admitted or paroled."[3]

On February 19, 2026, Djurakulov was detained by the Department of Homeland Security and has since been detained in U.S. Immigration and Customs Enforcement custody at the Prairieland Detention Center in Alvarado, Texas.   The government has denied a bond hearing.

Djurakulov filed this petition against Respondents Pamela Bondi, Attorney General of the United States; the Secretary of Homeland Security; Josh Johnson, Dallas Field Office Director; and the Warden of the Prairieland Detention Center (collectively "Respondents") alleging that his detention violates the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, upholding the government's mandatory-detention policy under Section 1225.[4]   The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."[5]   The Fifth Circuit found "no material disjunction" between the

---

[3] *See* 8 U.S.C. § 1182(a)(6)(A)(i); Doc. 1, Ex. A at 1.

[4] *Buenrostro-Mendez*, 166 F.4th at 498.

[5] 8 U.S.C. § 1225(b)(2)(A).

phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp.[6]

## II. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."[7]   To be entitled to a writ of habeas corpus, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"[8]   Habeas corpus proceedings are available to aliens "as a forum for statutory and constitutional challenges to post-removal-period detention."[9]

A writ of habeas corpus is reserved for "fundamental defects" resulting in a "complete miscarriage of justice" or wholly inconsistent with the demands of fair procedure.[10]   This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."[11]

## III. Analysis

Djurakulov alleges that his detention by Respondents violates his due process rights under the Fifth Amendment.   Because *Buenrostro-Mendez* did not directly

---

[6] *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026) (Hendrix, J.)).

[7] *Hamdi v Rumsfeld*, 542 US 507, 525 (2004).

[8] 28 U.S.C. § 2241(c)(3).

[9] *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

[10] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

[11] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

address this question, the Court turns to Djurakulov's scant arguments and finds that they fail.

"[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings."[12]   Yet there is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."[13]   So, "Congress regularly makes rules that would be unacceptable if applied to citizens."[14]

The Supreme Court has expressly endorsed the constitutionality of an alien's detention during removal proceeding.[15]   The Fifth Circuit has held that the Immigration and Nationality Act's mandatory detention provision applies to aliens such as Djurakulov.[16]   And any "notion that substantive due process requires a bond hearing is untenable."[17]   Djurakulov asserts his "unlawful confinement" is "unreasonably prolonged without meaningful procedural safeguards;" yet at the time of filing his petition, Djurakulov had been detained for less than a month without any specific allegations of Respondents' punitive purpose for his detention.[18] Accordingly, Djurakulov's substantive due process rights are not offended by his detention pending his removal proceedings.[19]

---

[12] *Denmore v. Kim*, 538 U.S. 510, 523 (2003) (cleaned up).

[13] *Dep't of State v. Muñoz*, 602 U.S. 899, 911–12 (2024).

[14] *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

[15] *See Denmore*, 538 U.S. at 523 (holding "detention during deportation proceedings" is a "constitutionally valid aspect of the deportation process.").

[16] *Buenrostro-Mendez*, 166 F.4th at 498.

[17] *Diaz Patino v. Villegas*, No. 1:25-CV-276-H, 2026 WL 673166, at *3 (N.D. Tex., Mar. 9, 2026) (Hendrix, J.).

[18] Doc. 1 at 2.

[19] *See, e.g.*, *Guzman-Diaz v. Noem,* No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex.

Any procedural due process claim is similarly foreclosed as a Djurakulov has "only those rights regarding admission that Congress has provided by statute."[20]  In 8 U.S.C § 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.   And an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).[21]   Therefore, because Respondents provided Djurakulov with the process to which he was due under Section 1225, his procedural due process claim fails.

### IV. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** Djurakulov's habeas petition.

**SO ORDERED** this 3rd day April, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

Feb. 5, 2026) (Starr, J.).

[20] *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).   *See also id.* at 139 ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.") (cleaned up).

[21] *Buenrostro-Mendez*, 166 F.4th at 498.